WENTWORTH, Judge.
Appellants seek review of a declaratory judgment which determined that the Camp-bellton-Graceville Hospital Corporation is not empowered to lease its facilities to the Health Care Management Corporation. We affirm the order appealed.
The Campbellton-Graceville Hospital Corporation is a nonprofit entity created in 1961 by a special act of the Florida Legislature. In 1985 Campbellton-Graceville entered into a lease agreement with the Health Care Management Corporation, a for-profit entity, by which the hospital facilities would be leased to Health Care in return for Health Care’s assumption of outstanding liabilities and obligations. The lease was conditioned upon Campbellton-Graceville obtaining a judgment determining that it is possessed of “full power and authority” with regard to the lease agreement. Campbellton-Graceville filed an action for declaratory judgment, and the court entered an order finding that substantial financial difficulties are imperiling the continued existence of the hospital facility. However, the court concluded that “[notwithstanding the apparent, emergency need ... [Campbellton-Graceville] is not authorized under special or general law to enter into or to enforce the subject lease.”
As a statutorily-created public entity the Campbellton-Graceville Hospital Corporation is possessed of only such authority as is thereby conferred. See City of Cape Coral v. GAC Utilities Inc. of Florida, 281 So.2d 493 (Fla.1973). Although authority may be implied as a necessary incident of powers expressly granted, doubt as to the existence of a power should be resolved against its exercise. See Cape Coral, supra. The Campbellton-Graceville Hospital Corporation was created by Chapter 61-2290, Laws of Florida (1961), a special act which establishes that the corporation shall be governed by a board of trustees with “the same general powers usually given to directors of a private corporation....” But corporate powers are generally restricted by corporate charter or bylaw, and the special act creating the Campbellton-Graceville Hospital Corporation expressly limits the corporate purpose and authority to “erecting, building, equipping, maintaining, and operating” the hospital. A lease of hospital facilities and transfer of operational control effects a delegation of operating authority which the special act has expressly placed with the Campbellton-Graceville Hospital Corporation, and does not accord with the evident purpose of the act that such control be exercised by the created public nonprofit corporation.[1] While financial constraints may impel the Campbellton-Graceville Hospital Corporation to seek a private lease agreement, the agreement in question may not be legally consummated without legislative amendment to the special act which defines the Campbellton-Graceville Hospital Corporation’s authority.[2]
The order appealed is affirmed.
MILLS and NIMMONS, JJ., concur.

. Accord, 1982 Op.Att’y.Gen.Fla. 082-44 (June 11, 1982); 1980 Op.Att’y.Gen.Fla. 080-18 (March 11, 1980); but compare Board of Trustees of the Holmes County Hospital Corporation v. U.S. Health Corporation, Case No. 83-88CA (Fla. 14th Cir.Ct. July 29, 1983).

. E.g., see Chapter 79-569, Laws of Florida (1979), amending Chapter 65-2299, Laws of Florida (1965).